## PACIFIC FINANCE CORPORATION v. UNITED STATES.
### No. 5941.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1930.

Thos. J. Riordan, of San Francisco, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., of San Francisco, Cal., and Albert E. Sheets, Asst. U. S. Atty., of Sacramento, Cal.

Before DIETRICH and WILBUR, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is an appeal from an order of forfeiture and sale of two Graham trucks, entered in pursuance of proceedings under a libel filed by the district attorney under the provisions of section 3453 of the Revised Statutes of the United States (26 USCA § 1185). The appellant sold the trucks in question to Melville Weiss under a conditional sales contract, and there is still $2,036.94 owing on the purchase price on each truck. Appellant claimed in the lower court that the prohibition agents seized the trucks for a violation of section 26, tit. 2, of the National Prohibition Act (27 USCA § 40), and not for a violation of section 3450 or section 3453, Rev. St. (26 USCA §§ 1181, 1182, 1185), and therefore, being without knowledge of the unlawful use of said trucks, it is entitled to the return thereof in accordance with the provisions of section 26 of the National Prohibition Act. The parties in the lower court stipulated the facts to be as follows:

"That on the 1st day of October, 1928, in the county of Sonoma, C. E. Bradshaw and T. J. Zimmerman, each duly appointed, qualified and acting prohibition agents, acting under and for the Bureau of Prohibition of the United States, entered upon what is known—entered in that county upon what is known as the C. Weidersheim Farm, four miles north of Geyserville, on the San Francisco-Eureka Highway in that county, and there discovered in operation a still, consisting in part of six copper columns, four condensers, six 50-gallon charging plants, one 40-horsepower steam boiler, fourteen 50-gallon barrels of syrup, sixty-five 5-gallon cans of alcohol, three 500-gallon vats of syrup, mash; 300 pounds of yeast; one Ray oil burner; 850 empty 5-gallon cans; two 500-gallon alcohol tanks, containing approximately 500 gallons of alcohol, and a large quantity of other paraphernalia, equipment and machinery for the operation of that still, together with, on those premises, one Graham Brothers truck Engine No 10903, California License No. 267993, which were standing immediately in front of the distillery building

on these premises and loaded with forty empty 5-gallon cans, and five 10-gallon acid—10-gallon empty acid bottles; also that on this same day, these two prohibition agents, while traveling south on the San Rafael-Petaluma highway, just before entering this ranch premises, met a Graham Brothers truck bearing California License No. 268817, Motor No. 11457, standing in the name of Melville Weiss, 1068 Verdun Street, Los Angeles, California, which truck was traveling north on this highway, and was loaded with empty 5-gallon cans. The agents turned around and followed this truck from this point to the distillery premises, where it commenced to enter the premises. The agents made a further investigation and at a point about fifteen hundred feet from the buildings on the distillery premises, obtained a strong odor of fermenting mash and distilled spirits coming from the within mentioned farm. When they made an entry upon the premises, the agents found no one there. On entering the distillery, they found the still in operation, and a 40-horse power steam boiler, having a head of steam of 120 pounds, and the large amount of mash and material enumerated. Upon entering the premises, the last-mentioned truck backed out without unloading its load, and started back down the highway. The agents turned around, proceeded after it, and after having traveled approximately one-quarter of a mile, the truck stopped, the driver got out, ran across the field and they were not able to apprehend him, but upon arriving at the truck found the same with the materials on it already indicated."

It is also stipulated that the appellant was the owner of the conditional sales contract and had no knowledge of the illegal use of the trucks, and that the balance due thereon was as alleged.

The appeal presents only two questions—whether there was sufficient showing of nonpayment of tax on the spirits manufactured at the premises where the trucks were found; and whether the escaping truck was "within the yard" within the meaning of section 3453, Rev. St. (26 USCA § 1185).

■ From the facts stipulated, the trial court was justified in drawing the inference that the distillery was being used in fraud of internal revenue laws and with design to avoid the payment of taxes within the meaning of section 3453. According to the stipulation, there was a distillery in active operation, with a 40 horse power steam boiler with 120 pounds' steam pressure, reasonably requiring supervision, but with no one visible in charge of the premises or of the operations. The only person appearing at the premises was the truck driver with a companion truck to the one already on the premises, which was purchased at the same time, by the same individual, upon the same terms, which truck, as the one already there, was loaded with 5-gallon cans. This truck driver promptly escaped from the premises without unloading, and abandoned the truck upon the highway, and fled upon the approach of prohibition officers. From these facts the conclusion is irresistible that the operations carried on were not only a violation of the prohibition law, but also with the intent of avoiding the payment of revenue tax on the spirits there distilled.

■ The next question is whether or not the second truck which escaped from the premises was "within the yard" within the meaning of that term as used in 26 USCA § 1185. The truck was actually within the yard at the time it was obseved by the prohibition officers. Apparently in order to avoid the seizure thereof, the driver, without unloading his empty cans, brought there to be delivered, fled with the load. He abandoned the truck in the road upon the approach of the prohibition officers. Clearly the truck was "within the yard" within the meaning of 26 USCA § 1185, and the fact that it had temporarily escaped therefrom in an apparent attempt to avoid seizure does not prevent seizure thereof by the officers who were pursuing it for that purpose.

Order affirmed.